## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAUREN MINNITI, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> TORY BURCH LLC, <br><br> Defendant. | ) ) ) ) ) Civil Action No. ) ) **CLASS ACTION** ) ) ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, LAUREN MINNITI ("Plaintiff"), through her attorneys, brings this action on behalf of herself and all others similarly situated and alleges the following against Defendant TORY BURCH LLC ("Defendant"):

## PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited automated text messages to the cellular telephones of Plaintiff and Class members in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA"), and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

2. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS" or "auto-dialers"). Specifically, the TCPA prohibits the use of auto-dialers to make **any** call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

3. The FCC has clarified that text messages qualify as "calls" under the TCPA, affirming that:

> under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to paging service, cellular service, or any service for which the party is charged." **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) (emphasis added); *see Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3rd Cir. 2013).

4. The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an automatic telephone dialing system that includes or introduces an advertisement or constitutes telemarketing must have prior express written consent as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2).

5. The FCC has found that automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they can pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).

6. Plaintiff, on behalf of herself and all others similarly situated, brings this case as a class action asserting claims against Defendant under the TCPA.

7. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the unsolicited automated text message at issue was and is being sent in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

8. This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendant from sending unsolicited automated text messages without prior express consent; (b) injunctive relief enjoining Defendant from sending unsolicited automated text messages that includes or introduces an advertisement or constitutes telemarketing without prior express written consent; and (c) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and, in the event of finding a willful or knowing violation, to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) because Plaintiff at all relevant times resided in this District and Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Defendant's contacts with this District, including doing business within the District and directing text messages from the District, are sufficient to subject it to personal jurisdiction in this District.

## PARTIES

11. Plaintiff was at all relevant times mentioned herein a citizen and resident of Southwest Ranches, Florida which is located in Broward County.

12. On information and belief, Defendant, TORY BURCH LLC, is a Delaware limited liability company with its primary corporate headquarters in New York, New York. TORY BURCH designs and manufactures apparel and accessories. It addition to selling its products through various department and specialty stores, it operates over ninety boutiques throughout the United States.

## FACTS

13. On or about May 15, 2018 and May 24, 2018, Plaintiff received two text messages ("Texts") on her cellular telephone advising her that Defendant had mailed her a $50 gift card and inviting her into the Aventura mall store to use the gift card. Screen shots of the Texts are attached as Exhibit A.

14. The Texts were sent from telephone number 407-279-7087 and number 202-361-4799. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant sent text messages to consumers *en masse*.

15. The Text is an advertisement of Defendant's goods containing automated content.

16. On information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the Text to Plaintiff's cellular telephone using an automatic telephone dialing system as defined by 47 U.S.C. § 227(b)(1)(A) and the FCC. Defendant's system placed the Text to Plaintiff automatically, using a list or database of telephone numbers, and dialing without human intervention.

17. The telephone numbers that Defendant and/or affiliate, subsidiary, or agent used to send Plaintiff the Text was assigned to a cellular service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18.     Plaintiff never requested, desired, permitted, or otherwise provided her prior express consent to Defendant to send or transmit the Text or any other texts to her cellular telephone.

19.     Plaintiff never provided her prior express written consent to Defendant to send or transmit the Text or any other advertisement or telemarketing to her cellular telephone.

20.     As a result of receiving the Text, Plaintiff incurred expenses to her wireless service, wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon seclusion and invasion of privacy.

21.     On information and belief, Defendant sent the Text, or substantially similar text messages, *en masse* to a list of thousands of randomly generated cellular telephone numbers using an automatic telephone dialing system.

22.     On information and belief, Defendant sent these text messages to the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

23.     On information and belief, the Class members did not provide Defendant with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received a non-emergency, unauthorized text message to their cellular telephones from Defendant Tory Burch LLC through the use of an automatic dialing system and who did not provide prior express consent and/or prior express written consent to receive such text messages.

Excluded from the Class are the Defendant and its employees and members and managers and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

25.     <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendant's use of automated text message content.

26.     <u>Commonality (Fed. R. Civ. P. 23 (a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

      a.     Whether Defendant sent non-emergency text messages to Plaintiff and the Class members' cellular telephones using an automatic telephone dialing system;

      b.     Whether Defendant had prior express written consent to send its automated text messages;

      c.     Whether Defendant's conduct was knowing and/or willful;

      d.     Whether Defendant is liable for damages, and the amount of such damages; and

      e.     Whether Defendant should be enjoined from such conduct in the future.

27. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or substantially similar unsolicited text message as the other Class members sent by or on behalf of Defendant advertising goods and services of the Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to the Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or substantially similar text messages encouraging Plaintiff and the members of the Class to shop at Defendant's stores or online.

28. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

29. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    b. Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    c. Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

   d. The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

   e. This case is inherently manageable as a class action in that:

    i. Defendant identified persons or entities to receive the unauthorized text messages and Defendant's computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

    ii. Liability and damages can be established for Plaintiff and the Class with the same common proofs;

    iii. Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

    iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

    v. A class action will contribute to uniformity of decisions concerning Defendants' practices; and

    vi. As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## Claim for Relief under the TCPA, 47 U.S.C. § 227(b)(3)

30. Plaintiff incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. The Text Defendant sent Plaintiff is an advertisement as defined by 47 C.F.R. § 64.1200(f)(1) because it promotes Defendant's goods.

32. Defendant and/or its agent sent the Text, or substantially similar unsolicited automated text messages to the cellular telephone number of Plaintiff and the other Class members *en masse* without their prior express consent and prior express written consent.

33. Defendant sent the text messages, or had them sent on its behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

34. Defendant utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

35. By sending the unsolicited text messages to Plaintiff and the Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff LAUREN MINNITI, individually and on behalf of all others similarly situated, demands judgment in her favor and against Defendant, TORY BURCH LLC as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint the Plaintiff's counsel as counsel for the Class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and award treble damages;

C. That the Court enjoin the Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper

Respectfully submitted,

LAUREN MINNITI, individually and as the representative of a class of similarly-situated persons,

By: s/ Ryan M. Kelly
Ryan M. Kelly (Fla Bar No. 90110)

**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501
rkelly@andersonwanca.com